NOTICE
Decision filed 06/20/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 220274-U

NO. 5-22-0274

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | De Witt County. |
| | ) | |
| v. | ) | No. 19-CF-59 |
| | ) | |
| THOMAS J. ATCHISON, | ) | Honorable |
| | ) | Karle E. Koritz, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Barberis and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the defendant's convictions and sentences where the trial court did not abuse its discretion in denying the defendant's motion to continue the trial.

¶ 2    The defendant, Thomas J. Atchison, appeals his convictions and sentences following a bench trial. The defendant contends the trial court erred in denying his motion to continue the trial. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    We only include those facts pertinent to the issue raised on appeal. We will supplement the facts in our analysis section, if necessary.

¶ 5    On May 9, 2019, the defendant was charged by information with four counts of predatory criminal sexual assault of a child (counts 1, 2, 3, and 4) (720 ILCS 5/11-1.40(a)(1) (West 2018))

1

and one count of aggravated criminal sexual abuse (count 5) (*id.* § 11-1.60(b)). The alleged victim, N.A., was the defendant's minor daughter.

¶ 6　　On June 3, 2019, the defendant waived his preliminary hearing, and his case was set for a jury trial on August 12, 2019. A pretrial hearing was conducted on July 17, 2019, at which time the defendant, through counsel, moved to continue the jury trial that was set for August 12, 2019. The trial court granted the continuance, and the defendant's jury trial was reset for November 12, 2019.

¶ 7　　On October 16, 2019, a pretrial hearing was conducted. Counsel for the defendant requested to continue the jury trial that was set for November 12, 2019. The trial court denied the motion to continue and advised it could be taken up again at a supplemental pretrial hearing on October 28, 2019. At the supplemental pretrial hearing, the motion to continue the trial was granted and a status hearing was scheduled to take place on January 7, 2020. At the January 7, 2020, status hearing, the defendant moved to continue his jury trial beyond the February 2020 jury calendar, and said request was granted. Following a status hearing on March 12, 2020, the defendant's jury trial was scheduled for May 18, 2020.

¶ 8　　Due to the COVID-19 pandemic, the May 2020 and June 2020 jury trial settings were vacated. On September 22, 2020, by agreement, the case was continued beyond the November 2020 jury trial setting. The trial court in its docket entry noted, "FINAL CONTINUANCE."

¶ 9　　The case was next set for trial during the February 2021 setting. On February 22, 2021, the defendant filed a written jury trial waiver. The trial court found the jury trial waiver by the defendant to have been knowingly and understandingly made. The trial court set the matter for a bench trial to begin on April 6, 2021.

¶ 10    In anticipation of the April 6, 2021, bench trial, the State had subpoenas issued and served on, *inter alia*, Sarah Zook; C.A., a minor in the care of Sarah Zook; N.A., a minor in the care of Sarah Zook; T.A., a minor in the care of Sarah Zook; M.A., a minor in the care of Sarah Zook; and Patrick Riggs. The aforementioned subpoenas were filed on March 15, 2021, showing service of same.

¶ 11    On March 29, 2021, the State requested that the bench trial set to begin on April 6, 2021, be continued. The State had subpoenaed the defendant's five minor children to appear at the trial. The State was contacted by Windell Atchison (Windell), the defendant's father. Windell advised the State that three of the defendant's minor children were currently residing with him, and that he believed it would be a hardship on the children for them to be absent from school for the trial. Counsel for the defendant indicated that the defendant had relayed a similar concern regarding taking the children out of school, and June 2021 was suggested for the bench trial. The trial court stated:

> "Well, first I'll show State's motion to continue. Suggestion that minor witnesses —that it would be a hardship upon minor witnesses traveling from out-of-state to be present for bench trial in light of COVID schooling and Easter holiday. Without objection, motion to continue is granted.
>
> I think counsel know that I'm wanting to get this trial resolved, and you should expect this to be the final continuance, but I understand the grounds for the motion."

The case was then reset for a bench trial to begin on June 22, 2021.

¶ 12    On April 27, 2021, a hearing was held on the defendant's motion to proceed *pro se* which was filed the same day. The defendant was admonished at length by the court regarding his right

to counsel and the possible repercussions that could occur as a result of representing himself. The trial court found the defendant's waiver of counsel was knowingly and intelligently made.

¶ 13　A pretrial hearing was conducted on June 8, 2021. During the hearing on other matters, the defendant advised the trial court that he had not received discovery material from the State and made an oral motion to continue the bench trial. The trial court stated:

"On the other hand you will be provided with time to review discovery and to prepare for trial.

＊＊＊

Particularly given that here we are on June 8, and you haven't received discovery yet. I mentioned at the last court hearing that there would not be any continuances. If you have a motion to file with respect to your ability to prepare for trial, you can file it."

¶ 14　A subsequent hearing was held on June 14, 2021, on the defendant's motions to dismiss which are unrelated to this appeal. Relevant to this appeal are the following discussions on the record between the trial court and the defendant. First, the defendant addressed the trial court regarding the filing of his discovery compliance.

"DEFENDANT: Correct, Your Honor. I—I need to give this to Mr. Markwell [counsel for the State] as well with the documents for the discovery. And I need to—one of these—motions needs to get to the Court for the file.

THE COURT: When you say motion, what do you mean?

DEFENDANT: It's compliance. The discovery compliance.

THE COURT: You're not asking the Court to do anything, you're just memorializing the fact that you gave discovery to the State?

DEFENDANT: Correct. It needs to go into the Court file."

4

Next, the bench trial date of June 22, 2021, was discussed.

"THE COURT: Mr. Atchison, I want to be clear. I've told the State and I've told you before, there will be no further continuances. I offered a continuance to you a moment ago because you haven't had a lot of time to review discovery.

DEFENDANT: I forgot about quarantine, Your Honor.

THE COURT: If you're wanting the 22nd and you want to make sure you know there's not going to be any more continuances.

DEFENDANT: Well, I did forget about quarantine. I'm not going to be allowed to go to the library, so can you put it—I apologize.

THE COURT: Are you asking to continue the bench trial, Mr. Atchison?

DEFENDANT: Yes, sir. I do apologize.

* * *

THE COURT: Show on motion of the defendant due to late received discovery bench trial of June 22 is continued to July 14 finding by the Court the continuance from June 22 to July 14 is not attributable to the defendant. Show discovery tendered by defendant to State in open court. Defendant's discovery compliance filed with the Court. Clerk to provide copy to the State."

¶ 15 On July 14, 2021, the trial court first heard a motion to dismiss filed by the defendant, which was denied. The trial court then confirmed with the defendant that it was not his intent to accept any plea offers and inquired if it was his intent to proceed to bench trial. In response, the defendant stated:

"DEFENDANT: There's been some issues. My father—I haven't been able to speak with my father, except for a brief few minute's [*sic*] phone call yesterday. That was

5

the first time I've been able to use the phone at Graham, and there was some connection and communication issues with the phone. And he was supposed to bring up my children, and they're witnesses in this case. From my understanding, he didn't bring them up. And he was also supposed to get additional material for me from Cara McGhee that we've previously spoke [*sic*] about. And if I could please have a word with him if that's possible. I might be requesting a continuance, because if my children aren't here to testify—I mean, they're my whole defense, Your Honor. And he was saying that he didn't bring them up for some valid reasons. I really didn't get to ascertain any—a bunch of information out of him because the phone was disconnected. I was only able to make one phone call, Your Honor.

THE COURT: Mr. Markwell, are your witnesses present?

MR. MARKWELL: Yes, Your Honor.

DEFENDANT: Those three boys are my whole defense, Your Honor.

THE COURT: Was there a subpoena issued for those three boys, Mr. Atchison?

DEFENDANT: No, sir.

THE COURT: Did you ask the Court to issue a subpoena for those three boys?

DEFENDANT: My father was going to bring them up.

THE COURT: Did you request the Court to issue a subpoena for those three boys?

DEFENDANT: I did not. My father was—my children are terrified of coming back up here, because they are afraid to go back to their mother's house. They do not—they begged me not to come back up here, and that was the whole issue. That my father didn't bring them up here, because they're afraid that Sarah's going to get them back into her custody, Your Honor."

6

The trial court allowed a five-minute recess so the defendant could speak with his father, Windell. Following the recess, the trial court allowed additional argument on the defendant's motion to continue.

"THE COURT: Any further argument you'd like to ask for your motion to continue?

DEFENDANT: Yes, sir. As I was saying before, my father—him and I had agreement [*sic*]. I know I didn't issue subpoenas. I didn't have the Court to issue a subpoena. It was because my father and I had previously spoken that he was going to bring the children up here. And the children were previously under the State's subpoena to come up here. I'm not sure if the State reissued subpoenas or not, because I haven't been able to get on Judici since my transfer, your Honor.

But my father stated that he did not bring the children up here because what I suspected, and it was because of issues with Ms. Zook. And the children are afraid that if they did[,] do come here, they're going to have to come back home. And Ms. Zook is still using drugs, and my father's not going to allow them to go back home with her. And there's no court order that he has custodial rights. He just obtained [a] lawyer in Florida to take care of this, and while he's up here now he's going to attempt to put an emergency order of protection against her, so that the Court can hear it within the next day or two. So, that hopefully—and he's got evidence to show the Court, and if it's all right with the Court he would like to speak to the Court about this issue and address—

THE COURT: We're here on 19-CF-59. We're here on your motion to continue.

7

DEFENDANT: This is why my witnesses are not here, Your Honor. So, I would move to continue this one more time, Your Honor, because as I stated these witnesses, are my whole defense, Your Honor.

THE COURT: Response, Mr. Markwell?

MR. MARKWELL: People object. We're ready for trial. People subpoenaed our witnesses, and they're present today to testify. So, we would object.

THE COURT: All right. With respect to whether the State had subpoenaed any witnesses that you intend to call, Mr. Atchison, it's not the State's responsibility to make sure you have your witnesses here. Even if they've subpoenaed certain witnesses, that's not something that you can rely on; that they're present [at] your case-in-chief, unless you've subpoenaed. At any time, the State could communicate to them that they are no longer needed. And I'm looking at subpoenas in this case, and frankly I don't know that I see a subpoena for the three minor children, but I'm just looking and in a cursory fashion through the docket entry. You indicated that the boys are your whole defense, but there's no record in front of the Court as to what your defense is or how they would contribute to it or what information they could provide.

I've indicated a number of times in this case, this case has been continued several times, with great frustration to the Court each time. And each time I said this was the last continuance, and I've gone back on that at least twice already. And the lead up to this setting this court date, I—I was very clear to both counsel—I'm sorry, to both parties, the State and to you Mr. Atchison, that you should anticipate proceeding to trial today. This is a case that needs to be resolved. And that you should both expect to proceed to trial today.

8

The witnesses that you've mentioned, the minor children, your boys, they were not subpoenaed. Given the fact that you are a *pro se* indigent party, had you made a request to subpoena those, certainly the Court would've entertained that request. That request was not made. I admonished you thoroughly and numerously of the perils that you have by representing yourself here today, and—in this cause. And this might be one of those things that could've been avoided if you had counsel.

But at any rate, the witness[es] you've described have not been subpoenaed, you haven't asked me to subpoena them. I'm not aware of any kind of material testimony that they might give that might be supportive of your defense or what your defense is even. And I've indicated a number of times this case would not be continued any further. So, the motion to continue is denied."

¶ 16    The defendant made additional argument on the motion to continue alleging that he had not had sufficient time to review the discovery once it was provided to him due to his incarceration. The trial court again denied the motion to continue. The defendant did not make any offers of proof regarding what his minor sons would have testified to.

¶ 17    The matter then proceeded to a bench trial. The trial court found the defendant guilty on all five counts.

¶ 18    The defendant was appointed counsel to assist with his posttrial motions. The trial court denied the defendant's posttrial motions. At the defendant's sentencing hearing, he made a statement in allocution and, *inter alia*, stated:

"I told myself, if [N.A.] was here today, that I would tell the truth. And I did commit three of those Class X felonies, and one of those I did not commit, and I have never threatened

9

her. I never threatened to spank her. But if that is how she has to remember it, then that is fine with me. And I just wanted to apologize to her."

¶ 19    The defendant was sentenced to a total of 41 years' incarceration on the five counts, to be served consecutively. This timely appeal followed.

¶ 20                                    II. ANALYSIS

¶ 21    The defendant contends that the trial court abused its discretion when it denied his motion to continue the trial. The defendant argues that the trial court should have granted his motion to continue so that he could secure the presence of witnesses. He argues that the denial of his motion to continue resulted in a denial of his right to present a meaningful defense without any reasonable justification.

¶ 22    "It is well settled that the granting or denial of a continuance is a matter resting in the sound discretion of the trial court, and a reviewing court will not interfere with that decision absent a clear abuse of discretion." *People v. Walker*, 232 Ill. 2d 113, 125 (2009). When "reviewing the denial of a request for a continuance sought to secure the presence of a witness, the factors to be considered are: (1) whether defendant was diligent; (2) whether defendant has shown that the testimony was material and might have affected the jury's verdict; and (3) whether defendant was prejudiced." *People v. Ward*, 154 Ill. 2d 272, 307 (1992).

¶ 23    The defendant in this appeal relies on *People v. Walker*, 232 Ill. 2d 113 (2009), to support his contention that the trial court erred in denying his motion to continue. The defendant in *People v. Vega*, 2022 IL App (4th) 220279-U, also relied on the *Walker* case, and the order from the Fourth District in *People v. Vega* contains a thorough overview of the *Walker* case, which we will not repeat here. Ultimately, the supreme court held in *Walker* that the trial court abused its discretion in denying the defendant's motion for a continuance of the trial because the trial court "completely

10

abdicated its responsibility to conduct an informed deliberation of defense counsel's motion." *Walker*, 232 Ill 2d at 129.

¶ 24    *Walker* is distinguishable from the present case. Here, the trial court considered the defendant's diligence and found that the *pro se* defendant was not diligent in his preparation for trial. The defendant admitted that he did not subpoena his minor sons to appear at trial because he had arranged for his father to bring the children to the trial.

¶ 25    Further, the record indicates that the trial court continued this matter several times before denying the motion for a continuance of the July 2021 bench trial setting. The defendant's case began with the filing of an information on May 9, 2019. The defendant requested and was granted two continuances of his jury trial settings in 2019. The case was then delayed due to the COVID-19 pandemic. The case was set for jury trial in February 2021; however, after the defendant waived his right to a jury trial the matter was reset for a bench trial in April 2021. The April 2021 bench trial was continued by agreement of the parties. The subsequent June 2021 trial date was continued due to no fault of the defendant. The trial court informed both parties numerous times that the matter would not be continued further.

¶ 26    The trial court also considered and found that the defendant had not shown that the purported testimony from his minor sons was material such that it would have affected the verdict. The *pro se* defendant did not make an offer of proof regarding what the missing witnesses would have testified to. He merely alleged that "[t]hose three boys are my whole defense."

¶ 27    Finally, "[i]n the absence of specific evidence demonstrating prejudice, we cannot conclude the trial court abused its discretion by denying the motion [to continue]." *People v. Scales*, 47 Ill. App. 3d 755, 762-63 (1977). In this case, we find there is no prejudice because the defendant made a judicial confession of his guilt. "A judicial confession consists of a plea of guilty

to an indictment or some similar action or conduct in a court or judicial proceeding." *People v. Green*, 17 Ill. 2d 35, 41 (1959). At his sentencing hearing, the defendant stated:

> "I told myself, if [N.A.] was here today, that I would tell the truth. And I did commit three of those Class X felonies, and one of those I did not commit, and I have never threatened her. I never threatened to spank her. But if that is how she has to remember it, then that is fine with me. And I just wanted to apologize to her."

"A judicial confession, voluntarily made, is binding upon the accused, and this is true whether the confession takes the form of a plea of guilty or is found in other statements made in court in the course of legal proceedings." *Id*. at 42. The defendant's statement is a binding judicial confession. Accordingly, we find no abuse of discretion in the trial court's denial of the motion for a continuance.

¶ 28                                    III. CONCLUSION

¶ 29    For the foregoing reasons, we affirm the defendant's convictions and sentences.


¶ 30    Affirmed.